c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SEAN WESLEY, Plaintiff | CIVIL ACTION NO. 1:20-CV-00243 |
| VERSUS | JUDGE DRELL |
| JAMES LEBLANC, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is an unopposed[1] Rule 12(b)(6) Motion to Dismiss (ECF No. 16), filed by Defendant James LeBlanc ("LeBlanc"), the sole remaining defendant. LeBlanc seeks dismissal of *pro se* Plaintiff Sean Wesley's ("Wesley's") (DOC #372598) claims against him in his official and individual capacities. ECF No. 16 at 1-2.

LeBlanc is entitled to Eleventh Amendment immunity as to Wesley's claims against him in his official capacity. Wesley fails to state a claim for relief against LeBlanc in his individual capacity. And Wesley's request for injunctive relief is moot. Thus, LeBlanc's Motion to Dismiss (ECF No. 16) should be GRANTED.

I. Background

Wesley filed a civil rights Complaint under 42 U.S.C. § 1983. ECF No. 1. Wesley is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Raymond Laborde Correctional Center ("RLCC") at the

---

[1] The Court issued a Notice of Motion Setting on July 29, 2020, providing any response was due within thirty calendar days of the date of notice. ECF No. 18. Wesley's opposition to the motion was due by August 28, 2020. No opposition has been filed to date.

time of filing.[2] Wesley alleges that he was being subjected to unreasonable levels of environmental tobacco smoke ("ETS"). He named names as Defendants DOC Secretary James LeBlanc and RLCC Warden Sandy McCain.[3] ECF No. 1.

Wesley seeks damages, injunctive relief, and punitive damages. Wesley claims that RLCC officials have failed to comply with prior court rulings regarding tobacco use. ECF No. 1 at 9.

LeBlanc is the sole remaining Defendant. He seeks a Rule 12(b)(6) dismissal, asserting Eleventh Amendment immunity in his official capacity and qualified immunity in his personal capacity. ECF No. 3-4. Wesley did not oppose the motion.

## II. Law and Analysis

### A. Wesley's allegations must raise a plausible right to relief.

Under Fed. R. Civ. P. 12(b)(6), a court may dismiss all or part of a complaint for "failure to state a claim upon which relief can be granted."[4] But a complaint should not be dismissed "if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)) (internal citation and quotation omitted).

---

[2] Wesley has been discharged from RLCC. ECF No. 12.

[3] Warden Sandy McCain died on April 20, 2020 of COVID-19 related illness and he has been removed from the proceedings. ECF Nos. 17, 19.

[4] And Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

A complaint or claim is "facially plausible" when the facts alleged "allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (internal citation and quotation omitted). Factual allegations need not be detailed but must "raise a right to relief above the speculative level." *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 496 (5th Cir. 2020).

In deciding a motion to dismiss, a court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Id.* at 496. However, a court need not accept as true "'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Arnold*, 979 F.3d at 266 (quoting *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (internal citation and quotation omitted)).

B. <u>Wesley cannot state a claim for monetary damages against LeBlanc in his official capacity.</u>

Wesley seeks monetary damages against LeBlanc in his official capacity. ECF No. 1 at 8. Section 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities because these officials are not seen to be "persons" within the meaning of § 1983. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989). A suit against a state official or employee in his or her official capacity is actually a suit against the state itself. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

The Eleventh Amendment bars a state's citizens from filing suit against the state in federal court unless the state has waived its immunity. *See Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 280 (5th Cir. 2002).

By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. *See* La. R.S. 13:5106(A); *see also Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). Therefore, Wesley's claim for monetary damages against LeBlanc in his official capacity should be dismissed with prejudice.

### C. Wesley fails to state a claim for relief against LeBlanc in his individual capacity.

Construing Wesley's Complaint liberally, the Court finds that Wesley intended to sue LeBlanc in both his official and individual capacities. Wesley alleges LeBlanc's functions include administrative functions relating to the administration, management, and operations of all state institutions for the care, custody, and correction of persons sentenced for felonies or misdemeanors. ECF No. 1 at 4. Wesley asserts LeBlanc implements the policy determinations established by the board, administers the DOC, and prescribes rules and regulations for the operation of the DOC. *Id.*

Wesley asserts he became addicted to cigarettes while incarcerated in 2015. *Id.* at 5. He contends he desires to stop but cannot due to exposure to dangerous levels of environmental tobacco smoke ("ETS") from offenders smoking dried out smokeless tobacco in pages from the Bible. *Id.* Wesley alleges Defendants are aware but have yet to remove smokeless tobacco from the prison store as mandated by La. R.S. 40:1300.256(B)(14). *Id.* Wesley further alleges no medical or mental health services have been provided for offenders like him to quit smoking. *Id.* Wesley contends exposure to ETS violates contemporary standards of decency. *Id.* at 6.

He alleges Defendants were deliberately indifferent to his serious medical needs and/or to a serious risk to his future health. *Id.* at 6. Wesley contends that the fact that smoking tobacco is statutorily banned in all prisons in Louisiana is sufficient to put prison officials on notice that secondhand smoke causes a substantial risk of serious harm. *Id.* at 7.

Wesley made written complaints to Defendants LeBlanc and McCain seeking help to quit smoking and for ETS exposure. *Id.* at 8. He contends they refused to do so for monetary gains from sales. *Id.*

LeBlanc seeks dismissal of Wesley's § 1983 claims against him in his individual capacity. ECF No. 16-1 at 4. LeBlanc also asserts he is entitled to qualified immunity. *Id.* LeBlanc contends Wesley fails to allege any specific acts by Defendants that violated a clearly established constitutional right. *Id.*

The Prison Litigation Reform Act ("PLRA") provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). The injury required by this statute must be more than *de minimis. See Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630-31 (5th Cir. 2003), *cert. denied*, 541 U.S. 1012 (2004). In the absence of proof of actual, compensatory damages, a plaintiff who has been deprived of his constitutional rights may only collect nominal damages. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). Here, Wesley does not allege an injury.

5

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly establish statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When a defendant invokes qualified immunity, the burden shifts to the plaintiff to establish that the defense in inapplicable. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009) (citation omitted). A plaintiff's burden is two-pronged. *Id.* First, he must demonstrate that the defendant violated a constitutional right under current law. *Id.* "Second, he must claim that the defendant['s] actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of." *Id.* (citation omitted).

The Supreme Court has applied a two-prong test to determine whether exposure to second-hand smoke violates a prisoner's Eighth Amendment right. First, a prisoner must show that he is being exposed to unreasonably high levels of environmental tobacco smoke. *Helling v. McKinney*, 509 U.S. 25, 35 (1993). In assessing that factor, a court must conduct an inquiry into the seriousness of the potential harm and the likelihood that the smoke will actually cause such harm. *Id.* A court also has to determine whether society considers the risk to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. *Id.* Second, a prisoner must show, subjectively, that the prison authorities demonstrated a deliberate indifference to his plight. *Id.*

The United States Court of Appeals for the Fifth Circuit has previously stated that although "sporadic and fleeing exposure to second-hand smoke might have been unwelcome and unpleasant, it did not constitute 'unreasonably high levels of ETS.'" *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (quoting *Helling*, 509 U.S. at 35). In evaluating deliberate indifference to ETS, a court should consider the following factors: (1) the adoption of a smoking policy; (2) the administration of that policy; and (3) the realities of prison administration. *Callicutt v. Anderson*, 48 Fed.Appx. 916 (5th Cir. 2002) (citing *Helling*, 509 U.S. at 36-37).

Here, Wesley alleges he was exposed to ETS. The Fifth Circuit has previously recognized a prisoner states an Eighth Amendment claim if he alleges that he was exposed to ETS for a sustained time, even if the ETS had not already harmed his health. *See Murrell v. Chandler*, 109 Fed.Appx. 700, 701 (5th Cir. 2004) (citing *Rochon v. City of Angola*, 122 F.3d 319, 320 (5th Cir. 1997)).

Wesley must establish Leblanc's deliberate indifference and his own unreasonable exposure to ETS. *Helling*, 509 U.S. at 35. Wesley also fails to allege the direct personal participation in the alleged constitutional violation or, subjectively, how LeBlanc was deliberately indifferent. Conclusory assertions are insufficient to state a claim for relief. *See Arnold*, 979 F.3d at 266; *see also Harrison v. Smith*, 83 Fed.Appx. 630, 631 (5th Cir. 2003) (vague and speculative conclusions that allowing other prisoners to smoke created an unhealthy environment did not sufficiently state a claim for exposure to ETS). Here, Wesley has failed to meet his

burden of showing that LeBlanc violated a clearly established constitutional right or constitutional rights of which a reasonable person would have known.

Also, Wesley fails to oppose or otherwise respond to LeBlanc's assertion of qualified immunity and, thus, fails to meet his burden to establish the inapplicability of LeBlanc's qualified immunity defense. Once a defendant invokes qualified immunity, the plaintiff has the burden to negate the defense. *See Club Retro*, 568 F.3d at 194. And Wesley's prior conclusory allegations are insufficient to overcome the qualified immunity defense. *Williams-Boldware v. Denton County, Texas*, 741 F.3d 635, 643-44 (5th Cir. 2014). Thus, LeBlanc is entitled to qualified immunity from Wesley's claims against him for monetary damages in his individual capacity.

### D. Wesley's request for injunctive relief is moot.

Wesley seeks to have the Court "[o]rder treatment for [his] addiction." ECF No. 1 at 9. Wesley asserts in his Administrative Remedy Procedure ("ARP") complaint to have the RLCC stop selling tobacco products in the commissary and stop all employees from binging tobacco products on prison grounds. ECF No. 1-2 at 1. However, Wesley does not assert such request for injunctive relief in his Complaint. Regardless, Wesley was discharged from RLCC on June 14, 2020. ECF No. 12 at 1. Thus, to the extent Wesley asserts a claim for injunctive relief, that claim should be dismissed as moot.

### III. Conclusion

Because LeBlanc is entitled to Eleventh Amendment immunity as to Wesley's claims against him in his official capacity; because Wesley fails to state a claim for

relief against LeBlanc in his individual capacity and LeBlanc is entitled to qualified immunity; and because Wesley's request for injunctive relief is moot.

IT IS RECOMMENDED that LeBlanc's Rule 12(b)(6) Motion to Dismiss (ECF No. 16) be GRANTED.

IT IS FURTHER RECOMMENDED that, to the extent he seeks injunctive relief, Wesley's request for injunctive relief be DISMISSED AS MOOT.

IT IS FURTHER RECOMMENDED that Wesley's action be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Monday, March 15, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE